UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAQILLE BROWN,<br>    *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-cv-2029 (KAD) |
| | : | |
| HARRINGTON, et al.<br>    *Defendants*. | : | |
| | : | January 8, 2019 |

## **INITIAL REVIEW ORDER**

On December 12, 2018, the Plaintiff, Shaqille Brown, a pre-trial detainee[1] currently confined at the Northern Correctional Institution in Somers, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against two Connecticut Department of Correction ("DOC") officials in their individual capacities - Officers Harrington and Forde. The Plaintiff claims that the Defendants subjected him to excessive force, in violation his Eighth and Fourteenth Amendment rights, while he was confined at Bridgeport Correctional Center. He seeks monetary damages and declaratory relief. On December 18, 2018, Magistrate Judge William I. Garfinkel granted the Plaintiff's motion to proceed *in forma pauperis*. For the following reasons, the complaint is dismissed in part.

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

---

[1] The Court takes judicial notice that the Plaintiff has two pending criminal cases in state court: *State v. Brown*, No. N23N-CR18-0182637-S, Conn. Super. Ct., Geographical Area No. 23 at New Haven; *State v. Brown*, No. F02B-CR18-0303287-S, Conn. Super. Ct., Geographical Area No. 2 at Bridgeport. *See Gillums v. Semple*, No. 3:18-CV-00947 (CSH), 2018 WL 3404145, at *5 (D. Conn. July 12, 2018) (Court may take judicial notice of information on Connecticut Judicial Branch website).

claim upon which relief may be granted, or that seeks monetary relief from a Defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the Defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**Allegations**

On June 25, 2018, the Plaintiff and defendant Harrington engaged in a verbal altercation. Defendant Harrington punched the Plaintiff in the face. The Plaintiff fought back to protect himself, at which point defendant Forde yelled to defendant Harrington to "beat his ass!" As the Plaintiff "began getting the upper hand" in the fight, defendant Forde became involved and hit him in his head and back, causing him to fall into the bathroom. Both Defendants then punched, kneed, and kicked the Plaintiff in his face, head, and body, resulting in several injuries. Two other inmates witnessed the assault on the Plaintiff and provided statements that the Plaintiff was being assaulted and was only attempting to defend himself.

**Discussion**

The Plaintiff claims that the Defendants' actions violated his rights under the Eighth Amendment's protection against cruel and unusual punishment and his Fourteenth Amendment right to due process.

It is well-established that "[a] pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment . . . because 'pretrial detainees have not been convicted of a crime and thus may not be punished in any manner – neither cruelly and unusually nor otherwise.'" *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citations omitted) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 168 (2d Cir. 2007); *see also Shakir v. Derby Police Department*, 284 F. Supp. 3d 165, 205 (D. Conn. 2018) (claim challenging conditions of confinement during pretrial detention analyzed under Fourteenth Amendment Due Process Clause). The Plaintiff's Eighth Amendment claim is dismissed.

However, "[a] detainee's rights [under the Fourteenth Amendment] are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Darnell*, 849 F.3d at 29 (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). In order to state an excessive force claim under the Fourteenth Amendment, the Plaintiff "'must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Fletcher v. City of New London*, No. 3:16-CV-241 (MPS), 2018 WL 4604306, at *10 (D. Conn. Sept. 25, 2018) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). "'[O]bjective reasonableness turns on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473). In

3

*Kingsley*, the United States Supreme Court identified several factors to consider in determining the reasonableness or unreasonableness of the force used:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. The determination is made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Id*.

Construing the Plaintiff's allegations liberally, the Court concludes that he has stated a plausible excessive force claim under the Fourteenth Amendment. He alleges that during a verbal altercation, defendant Harrington punched him in the face. He alleges that when he tried to protect himself, both defendants proceeded to punch, knee and kick him several times, causing him injuries. Based on these allegations, the Court will permit the Fourteenth Amendment claim to proceed against the Defendants in their individual capacities for damages.

In addition to damages, the Plaintiff seeks "[a] declaratory judgment that the actions of [the Defendants] violated the . . . Fourteenth Amendment of the United States Constitution as well as [his] civil rights as a pretrial detainee." Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of that right or a disturbance of the relationship." *Colabella v. American Institute of Certified Public Accountants*, No. 10-CV-2291 (KAM) (ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citations omitted). It operates prospectively to enable parties to adjudicate claims before either side suffers damages.

4

*See In re Combustion Equip. Assoc., Inc.*, 838 F.3d 35, 37 (2d Cir. 1998). The alleged constitutional violation in this case concerns only past conduct. The Plaintiff has not identified any legal relationships or issues that require resolution by declaratory relief. Therefore, his request for declaratory relief is dismissed.

**Orders**

(1) The Fourteenth Amendment claim for excessive force may proceed against the Defendants in their individual capacities for damages. The Eighth Amendment claim and the request for declaratory relief are dismissed.

(2) The Clerk shall verify the current work addresses for Defendants Harrington and Forde with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint (DE#1) to them at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver requests on the **thirty-fifth (35) day** after mailing. If any Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him/her, and he/she shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(4) The Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim

recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this order.  Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the Plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The Plaintiff must give notice of a new address even if he is incarcerated.  The Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 7th day of January 2019.

_____/s/_____
Kari A. Dooley
United States District Judge